**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELLY D. PORCH; MICHELLE R.
PORCH,

              Plaintiffs-Appellants,

v.

PREFERRED CONTRACTORS
INSURANCE COMPANY, RRG;
GOLDEN STATE CLAIMS
ADJUSTERS, INC.; SAFEBUILT
INSURANCE SERVICES, INC., DBA
SIS Wholesale Insurance Services,

              Defendants-Appellees.

No.    19-35770

D.C. No. 1:18-cv-00102-TJC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted August 12, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kelly and Michelle Porch (the Porches) appeal the district court order granting summary judgment in favor of Appellees.[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm. *See Vazquez v. Cty. of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

The district court did not err in holding that no duty to defend existed as a matter of law. State substantive law governs the construction of an insurance policy. *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 841 (9th Cir. 2005). "[W]hen the language of a policy is clear and explicit, the policy should be enforced as written. . . ." *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 149 (Mont. 2011) (citation omitted).

The insurance policy at issue in this case included a Fall from Heights exclusion that unequivocally excluded the Porches' claim. The provision excluded from coverage any bodily injury "arising out of, resulting from, caused by, contributed to by, or in any way related to, in whole or in part, from . . . a fall from . . . ladders, . . . where there is a height differential to the ground." Because it was undisputed that Mr. Porch fell from a ladder where a height differential to the

---

[1] Appellees are Preferred Contractors Insurance Company, Golden State Claims Adjusters, Inc., and Safebuilt Insurance Services, Inc. dba SIS Wholesale Insurance Services.

ground existed, the exclusion applied.  *See Steadele*, 260 P.3d at 149.[2]  Finally, any

claim of ambiguity failed, because the Porches did not proffer an alternative

reasonable interpretation of the provision.  *See id.*

**AFFIRMED.**

---

[2]     The Porches' attempt to distinguish between falling from the ladder and falling with the ladder is unavailing in view of the broad language of the Fall from Heights exclusion ("arising out of, resulting from, caused by, contributed to by, or in any way related to, in whole or in part").  *See Wendell v. State Farm Mut. Auto. Ins. Co.*, 974 P.2d 623, 639 (Mont. 1999) (construing similar insurance contract language to be read broadly).